IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WAYNE D. PERRY, #129097, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 2:12-CV-154-TMH |
| ) | [WO] |
| ) | |
| GRANTT CULLIVER, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this civil action, Wayne D. Perry ["Perry"], a state inmate, challenges the constitutionality of medical treatment provided to him at the Holman Correctional Facility ["Holman"], the facility at which he is currently incarcerated.[1]  Specifically, Perry complains medical personnel at Holman have refused to treat him for "crabs ... crawling inside his rectum." *Complaint - Doc. No. 1-3* at 8.  Perry names correctional officials Grantt Culliver, the former warden at Holman, former commissioners of the Alabama Department of Corrections and the current commissioner of the Alabama Department of Corrections as defendants.  He also names as defendants Donny Myers, Nicholi Tessema, Delano Benjamin, Robert Barnes and Bridgett Wilson, all current medical personnel at Holman, and Charlene Gandy, a former nurse at Holman.  In addition, Perry lists Prison Health Services, Correctional Medical Services and

---

[1] The plaintiff filed this complaint on January 17, 2012 in the Circuit Court of Montgomery County, Alabama.  On February 21, 2012, the defendants removed the cause of action to this court pursuant to 28 U.S.C. §§ 1441 and 1446.

Corizen Health Services, the former and current contract medical care providers for the Alabama prison system, as defendants.

Upon review of the factual allegations presented in the complaint, the court concludes this case should be transferred to the United States District Court for the Southern District of Alabama in accordance with the directives of 28 U.S.C. § 1404.

## II. DISCUSSION

A civil action asserting violations of a prisoner's constitutional rights may be brought "in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). However, the law further provides that "in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a).

The Holman Correctional Facility is located within the jurisdiction of the United States District Court for the Southern District of Alabama. Thus, the actions about which the plaintiff complains occurred and are continuing to occur at a correctional institution within the jurisdiction of the Southern District of Alabama. Moreover, the vast majority of individuals named as defendants reside in the Southern District of Alabama and those persons personally involved in the medical treatment provided to the plaintiff reside in such district while the remaining defendants are subject to service of process throughout the state and may be required to defend this suit by any federal court of this state. It is therefore apparent that the majority of

2

witnesses and evidence associated with this case are located in the Southern District of Alabama.

In light of the foregoing, the court concludes in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Southern District of Alabama for review and determination.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.  It is further

ORDERED that on or before March 14, 2012 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of

business on September 30, 1981.

    Done this 29th day of February, 2012.

        /s/Terry F. Moorer
        TERRY F. MOORER
        UNITED STATES MAGISTRATE JUDGE